[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 13, 2008
THOMAS K. KAHN
CLERK

No. 08-13226
Non-Argument Calendar

_____

D. C. Docket No. 06-80040-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DAVILA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 13, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jose Socorro Davila appeals his 70-month sentence for distribution of 500 or

more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). He argues that the government violated the plea agreement by holding him responsible for 5.99 kilograms of cocaine, while he reasonably understood that, under the terms of the plea agreement, he would be held accountable for 1 kilogram of cocaine.

The undisputed facts reflect the following. At the change of plea hearing, the government proffered that Davila sent five kilograms of cocaine to a buyer, and then, later on, the buyer was to return one kilogram of cocaine to Davila plus the money for the rest. At the conclusion of the government's proffer, the court asked Davila, "[d]o you admit that you said and did the various things that [the government] has suggested." Davila responded, "[y]eah, one kilogram. Only for one kilo. The rest was money. One-fifty-three thousand dollars." (Id.). Davila then pled guilty, pursuant to the plea agreement.

The presentence investigation report, ("PSI"), reported that Davila was responsible for 5.99 kilograms of cocaine and, based upon the 2005 Guideline Manual, gave Davila a base offense level of 32, pursuant to U.S.S.G.§ 2D1.1(a)(3), with a two-level reduction for meeting the § 5C1.2(a) requirements, pursuant to § 2D1.1(b)(7), and a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1. His total offense level was 27, with a criminal history category of I,

2

resulting in a sentencing range of 70-87 months' imprisonment.

At the sentencing hearing, Davila did not object to the facts as laid out in the PSI, and agreed to the advisory sentencing range of 70-87 months' imprisonment. Davila stipulated that the PSI's calculations were correct. The parties jointly recommended a sentence at the low end of the guideline range. The court agreed and sentenced Davila to 70 months' imprisonment. After pronouncing sentence, the court then asked if there were any objections, to which Davila responded that he had no objections.

Notwithstanding the foregoing, Davila argues that the plea agreement was modified by his assertion at the plea hearing that he was responsible "[o]nly for one kilo" of cocaine, and that the government assented to the modification by failing to object. He asserts that, because he qualified for safety valve relief, the government was required to recommend a sentence below the five-year mandatory minimum, which would be consistent with a guideline range of 37-46 months' imprisonment based on responsibility for 1 kilogram of cocaine, but not a guideline range at 70-87 months' imprisonment, based on responsibility for 5.99 kilograms of cocaine. He relies on United States v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992), to contend that the government breached the plea agreement because the Presentence Investigation Report ("PSI") held him responsible for 5.99 kilograms

3

of cocaine based on information the government provided, when he reasonably understood, under the plea agreement, that he was to be held responsible for 1 kilogram of cocaine.

Where a defendant fails to object to the alleged breach in the district court, we review for plain error in order to prevent manifest injustice. Mahique, 150 F.3d at 1332. We may find plain error where: (1) an error occurs; (2) the error is plain; (3) the error affects substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79, 123 L.Ed.2d 508 (1993) (internal quotations and citations omitted).

As an initial matter, Davila did not waive his right to appeal because the waiver applied only to the sentence imposed, not to the conduct of the parties in entering the plea agreement. See United States v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004). Nevertheless, the government is bound by promises it made to a defendant in order to induce the defendant to plead guilty. United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998). In determining whether the government breached the plea agreement, we must first determine the scope of the government's promises. Raulerson v. United States, 901 F.2d 1009, 1011 (11th Cir.1990). Whether or not the government violated the plea agreement "is judged

4

according to the defendant's reasonable understanding at the time that he entered his plea." United States v. Taylor, 77 F.3d 368, 370 (11th Cir.1996) (quotation omitted). Further, if the defendant's understanding is disputed by the government, the actual terms of the agreement are determined by objective standards. United States v. Rewis, 969 F.2d 985, 988 (11th Cir.1992).

We find no breach of the plea agreement here and the district court did not plainly err in sentencing Davila to 70 months' imprisonment.

**AFFIRMED.**