[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-11134 & 10-11135
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:06-cr-00042-WS-C-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUINCY MARQUIS PRIM,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(January 20, 2011)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Quincy Prim appeals his 188-month sentence imposed after he pleaded guilty to drug conspiracy, 21 U.S.C. § 846, and after the district court reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] No reversible error has been shown; we affirm.

Before sentencing on the drug conspiracy charge, Prim was arrested for possession with intent to distribute marijuana.[2] At sentencing, the government contended that Prim's commission of this offense violated the plea agreement and relieved it of its obligation to file a motion for a downward departure, U.S.S.G. § 5K1.1. On appeal, Prim argues that the government breached the plea agreement when it failed to move for a downward departure because he had provided the required substantial assistance.[3] Because Prim failed to raise this argument in the

---

[1]Prim filed a motion to vacate his sentence, 28 U.S.C. § 2255, so that he could file an out-of-time appeal. The district court granted the motion, re-entered judgment so Prim could file an otherwise untimely appeal, resentenced Prim to 235 months' imprisonment, and then reduced this sentence to 188 months pursuant to Prim's section 3582(c)(2) motion and Amendment 706 to the Sentencing Guidelines.

[2]Law enforcement officers discovered 26 marijuana joints stored in a sock and contained in a light fixture next to Prim's bunk at the county Jail. Prim pleaded guilty to this offense, and the district court eventually sentenced him to two months' imprisonment.

[3]We conclude that the plea agreement's sentence appeal waiver does not preclude our consideration of this argument. See United States v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004) (rejecting government's contention that a sentence appeal waiver barred review of

district court, we review the issue for plain error. Puckett v. United States, 129 S.Ct. 1423, 1428-33 (2009). Under this standard, Prim must show (1) error, (2) that is clear or obvious, and (3) that affects his substantial rights. Id. at 1429.

When a defendant alleges that the government violated his plea agreement, we are "only responsible for ensuring the terms of the plea agreement are followed." United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998). Overall, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 92 S.Ct. 495, 499 (1971). So, in determining whether the government breached the plea agreement, we first must determine the scope of the government's promises. Raulerson v. United States, 901 F.2d 1009, 1011 (11th Cir. 1990). Whether the government violated the plea agreement "is judged according to the defendant's reasonable understanding [when] he entered his plea." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996) (quotation omitted). Where the agreement is ambiguous, it must be read against the government. Copeland, 381 F.3d at 1105-06.

In pertinent part, Prim's plea agreement explained that, in exchange for his cooperation and substantial assistance, the government would move for a

defendant's argument that the government breached the plea agreement).

3

downward departure. The section of the agreement discussing specifically the government's obligation to file a substantial assistance motion stated that the government would not file the motion only if Prim provided untruthful information or failed to disclose material facts. This section, as Prim points out, did not state that the commission of a new offense would constitute a reason for not filing the motion. But another section of the agreement explained that committing a new offense would constitute a breach of the agreement; and the agreement more generally explained that any violation of the agreement would free the government of "any obligations imposed" by the agreement.

On these facts, we cannot say that Prim has demonstrated that the district court plainly erred by concluding that the government complied with the plea agreement. Prim concedes that his commission of the new offense constituted a breach of the agreement. Thus, based on Prim's concession of breach and the general language of the plea agreement that any violation by Prim relieved the government of its obligations, we cannot say that any error by the government in declining to move for a downward departure is clear or obvious. See Puckett, 129 S.Ct. at 1433 (explaining that the second prong of plain error review "will often have some 'bite' in plea-agreement cases" because "[n]ot all breaches will be clear and obvious").

4

We reject Prim's contention that his breach was not a violation of the agreement because it was immaterial. See Copeland, 381 F.3d at 1105 (in interpreting a plea agreement, we apply an objective standard and will not accept a "hyper-technical" or "rigidly literal" interpretation of the agreement). Even assuming that an immaterial breach would still obligate the government to file a substantial assistance motion, Prim has not shown that it was clear or obvious that his breach was immaterial, given that he committed another drug offense and, as the government asserts, jeopardized the value of any assistance he did or could offer.

Prim next argues that the district court erred when it took away his acceptance of responsibility reduction. He contends that committing another offense was only one of many factors the court could consider in deciding whether he was eligible for the reduction, but the court treated the commission of another offense as a mandatory reason to deny the reduction. Because Prim did not challenge the acceptance of responsibility determination in the district court, we review the present claim for plain error. See United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006).[4] "Because the district court is in a unique position to

---

[4]We assume that the government rescinded the plea agreement, including the sentence appeal waiver, when it stated at sentencing that it was relieved of its obligations under the plea agreement because of Prim's breach; and we address this substantive sentencing argument.

evaluate a defendant's acceptance of responsibility, the sentencing judge's determination is entitled to great deference on review and should not be disturbed unless it is without foundation." United States v. Villarino, 930 F.2d 1527, 1530 (11th Cir. 1991) (citation omitted).

We see no plain error. At sentencing, the district court indicated that the probation officer removed the reduction because of the offense Prim committed while he was incarcerated. The voluntary withdrawal from criminal conduct is a permissible factor to consider in determining whether to grant an acceptance of responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n. 1(b)); see also United States v. Pace, 17 F.3d 341, 343-44 (11th Cir. 1994) (in determining whether an acceptance of responsibility reduction is appropriate, the court may consider post-offense criminal conduct, even if it is unrelated to the offense of conviction). We defer to the sentencing judge's determination on review and cannot say that the court's conclusion is without foundation. That the court did not mention explicitly other considerations and chose to focus on Prim's commission of a new offense is no plain error.

About his section 3582(c)(2) motion, Prim contends that the district court erred in concluding that it lacked discretion under United States v. Booker, 125 S.Ct. 738 (2005), and Kimbrough v. United States, 128 S.Ct. 558 (2007), to

6

sentence him below the amended guidelines range after application of Amendment 706. But our precedent, as well as United States Supreme Court precedent, forecloses Prim's argument. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009) (concluding that Booker and Kimbrough apply to original sentencing proceedings and do "not address motions to reduce sentence under [section] 3582(c)(2)"); Dillon v. United States, 130 S.Ct. 2683, 2692 (2010) (explaining that Booker does not apply to section 3582(c)(2) proceedings, because such proceedings "do not implicate the interests identified in Booker").

AFFIRMED.