[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14234
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:06-cr-00027-MP-AK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK CHARLES HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 26, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Frederick Charles Hall appeals the district court's denial of his pro se motion to compel specific performance of a plea agreement. Specifically, he argues that the government breached the plea agreement by failing to adequately inform the district court of his substantial assistance, either through a detailed pre-sentencing U.S.S.G. § 5K1.1 motion or a Fed.R.Crim.P. 35(b) motion to reduce his sentence. After thorough review, we affirm.

We review de novo whether the government breached a plea agreement. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). The district court's factual findings on the scope of the agreement, however, are reviewed only for clear error. Raulerson v. United States, 901 F.2d 1009, 1012 (11th Cir.1990).

In determining whether the government breached a plea agreement, we must first "determine the scope of the government's promises." United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004). In so doing, we consider whether the government's actions at sentencing were objectively inconsistent with what the defendant reasonably understood when he pleaded guilty. Id. Any ambiguity in the agreement must be resolved in favor of the defendant. Id. at 1105-06. Further, we will not accept any "hyper-technical" or "rigidly literal" construction. Id. at 1105.

Where a plea agreement requires the government only to "consider" filing a substantial assistance motion and places the decision "solely" in its hands, the

2

government retains its prosecutorial discretion and does not breach the agreement by failing to file such a motion. See United States v. Forney, 9 F.3d 1492, 1499-1501 (11th Cir. 1993). In such situations, a district court may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion, or that the refusal was not rationally related to any legitimate government end. Wade v. United States, 504 U.S. 181, 185-87 (1992) (considering motions filed pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1); see also United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (applying Wade to Rule 35(b) motions). Therefore, mere claims that a defendant provided substantial assistance and generalized allegations of the government's improper motive do not "entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade, 504 U.S. at 186.

Here, the district court did not err in determining that the government complied with the plea agreement and denying Hall's motion for specific performance. Based on the unambiguous terms of the plea agreement, the government merely agreed to share its "opinion" regarding the extent of Hall's cooperation, while retaining its "sole discretion" as to whether to file a Section 3553(e) substantial assistance motion on his behalf. The government, in accordance with this agreement, filed a substantial

3

assistance motion prior to sentencing, evaluating Hall's overall assistance as "fair." In its motion, the government explained that Hall had truthfully provided details regarding the scope of the drug conspiracy and had participated in two undercover drug buys for local police. The court, relying on this motion, imposed a 120-month sentence, a downward departure from the 240-month statutory minimum sentence.

Relatedly, Hall's argument that the government was required to file a Rule 35(b) motion also fails. The government retained its discretion to file such a motion, as explained above, and Hall did not make a substantial showing that the government's refusal was not rationally related to a legitimate government end. Instead, he generally claimed below, and now argues on appeal, that the government's failure to adequately reward him for his substantial assistance was in bad faith and will deter future defendants from cooperating or entering into plea agreements. The government, however, had already acknowledged Hall's cooperation through a pre-sentencing substantial assistance motion, which directly resulted in a 10-year sentence reduction. Based on the plain language of the plea agreement, nothing more was required.

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**