[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12408
Non-Argument Calendar
_____

D. C. Docket No. 6:11-cr-00207-CEH-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILTON PAULK,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Middle District of Florida
_____

(February 15, 2013)

Before BARKETT, MARTIN and EDMONDSON, Circuit Judges.

PER CURIAM:

Milton Paulk appeals his 180-month sentence, imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  No reversible error has been shown; we affirm.

Before Paulk's change-of-plea hearing, the government filed a "Notice of Essential Elements, Maximum Penalties and Factual Basis" that said, among other things, that Paulk's offense carried a statutory maximum sentence of ten years' imprisonment.  During Paulk's change-of-plea hearing, the magistrate judge also told Paulk that he was subject to a maximum prison sentence of ten years.  Paulk pleaded guilty without a written plea agreement, and the magistrate judge recommended that Paulk's plea be accepted.  The district court accepted Paulk's plea and adjudged him guilty.

In preparing Paulk's Presentence Investigation Report, the probation officer discovered that Paulk had additional convictions -- of which the government had been unaware -- for violent felonies and serious drug offenses.  Based on these convictions, the probation officer determined that Paulk qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA") and, thus, was subject to a statutory mandatory minimum sentence of 15 years' imprisonment.

2

Paulk filed an unopposed motion to withdraw his guilty plea, arguing that the magistrate judge had advised him incorrectly about the potential penalties he faced.

At a hearing on his motion, the district court agreed that Paulk could withdraw his plea.

But Paulk declined to do so. The court told Paulk that the magistrate judge had been incorrect about the ten-year maximum sentence. The court explained that -- because Paulk qualified as an armed career criminal -- he was subject to a mandatory minimum sentence of 15 years' imprisonment. Paulk said that he understood but that he did not want to withdraw his plea. Paulk also preserved the right to object during his sentencing hearing to a sentence greater than ten years' imprisonment. Because Paulk withdrew his motion to withdraw his plea, the court denied the motion as moot.

Later, at the sentencing hearing, Paulk -- conceding that he had no legal authority to support his position -- sought specific performance of his "plea agreement" which he alleged included a ten-year maximum sentence. The court overruled the objection and sentenced Paulk to 180 months' imprisonment.

On appeal, Paulk contends that the government breached its plea agreement by seeking a sentence that exceeded ten years' imprisonment.[*] We review de novo whether the government has breached a plea agreement. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008).

The government is bound by promises it makes to a defendant to induce the defendant to plead guilty. United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998). "To determine whether the government breached the plea agreement, we must first determine the scope of the government's promises." Raulerson v. United States, 901 F.2d 1009, 1011 (11th Cir. 1990).

As a threshold matter, we see no binding plea agreement between Paulk and the government. That no written plea agreement exists is clear. And nothing evidences that Paulk pleaded guilty pursuant to an oral plea agreement. During the change-of-plea hearing, the magistrate judge asked Paulk whether anyone had promised him anything in exchange for his guilty plea. Paulk replied only that, before his plea, his lawyer had told him that he did not qualify for an ACCA enhancement.

Although the government's "Notice of Essential Elements, Maximum Penalties and Factual Basis" said that Paulk's offense was "punishable by a term of

---

[*]Paulk does not challenge the district court's conclusion that he qualifies as an "armed career offender" under the ACCA. He also does not contend that his guilty plea was unknowing or involuntary or that the district court violated Fed.R.Civ.P. 11.

not more than 10 years," the government made no promises about the length of sentence it would request or about whether it would seek an enhancement under the ACCA.  Because Paulk fails to show that the government promised to avoid seeking a sentence exceeding ten years, he cannot show a breach.

In addition, when a defendant qualifies as an armed career criminal, the ACCA requires district courts to impose an enhanced sentence "regardless of whether the Government affirmatively seeks such enhancement."  See United States v. Cobia, 41 F.3d 1473, 1475-76 (11th Cir. 1995).

AFFIRMED.