[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14715
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00068-CEH-KRS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MARVIN LOVETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 2, 2015)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

James Lovett appeals his sentence of 151 months' imprisonment for

conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in

violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846.  On appeal, Lovett argues that the government breached his plea agreement when it filed an information, pursuant to 21 U.S.C. § 851, that increased his mandatory-minimum sentence to 20 years' imprisonment.  After careful review, we affirm.

"Whether the Government breached a plea agreement is a question of law, to be reviewed de novo."  United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008).  However, if the defendant fails to raise the issue before the district court, we review only for plain error.  Puckett v. United States, 556 U.S. 129, 133-36, 143 (2009); De La Garza, 516 F.3d at 1269.  To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  To be plain, "the legal error must be clear or obvious, rather than subject to reasonable dispute."  Puckett, 556 U.S. at 135.  The Supreme Court has said that the second prong of plain-error review "will often have some 'bite' in plea-agreement cases" because "[n]ot all breaches will be clear or obvious," since "the scope of the [g]overnment's commitments will on occasion be open to doubt."  Id. at 143.  "For an error to affect substantial rights, in most cases it means that the error must have been prejudicial:  It must have affected the outcome of the district

2

court proceedings." De La Garza, 516 F.3d at 1269 (quotation omitted).  In the context of the government's alleged breach of a plea agreement, the question of prejudice does not depend on whether or not the defendant would have entered into the agreement and pleaded guilty, but instead on whether the defendant's ultimate sentence was influenced by the government's breach. Puckett, 556 U.S. at 141-42 & n.4; De La Garza, 516 F.3d at 1270-71.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  Santobello v. New York, 404 U.S. 257, 262 (1971).  "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea."  United States v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992).  Accordingly, we "must decide whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) (quotation omitted).  Moreover, because the sentencing court is not bound by the parties' agreements or recommendations, whether the government breached a plea agreement depends upon the government's conduct, not the conduct of the district court. United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998).

3

We "must use objective standards to determine the disputed terms of a plea agreement." In re Arnett, 804 F.2d 1200, 1202 (11th Cir. 1986). In interpreting a plea agreement, "a hyper-technical reading of the written agreement and a rigidly literal approach in the construction of the language, should not be accepted." United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992) (quotation omitted). In addition, "the written agreement should be viewed 'against the background of negotiations' and should not be read to 'directly contradic[t] [an] oral understanding.'" Id. (alterations in original) (quotation omitted). "[A] plea agreement that is ambiguous must be read against the government." Id. (quotation omitted). However, when a plea agreement is unambiguous, we will not read into the agreement terms that were not agreed upon with specificity, even when the defendant misunderstood the agreement. Al-Arian, 514 F.3d at 1191-93; In re Grand Jury Proceedings (Perdue), 819 F.2d 984, 986-87 (11th Cir. 1987). "Only where the language of the agreement is ambiguous, or where government overreaching is alleged does the court consider parole evidence," such as a plea hearing transcript. Raulerson v. United States, 901 F.2d 1009, 1012 (11th Cir. 1990) (involving a habeas corpus petition).

Here, Lovett argues -- for the first time on appeal -- that the government breached his plea agreement when it filed its § 851 information four days after the plea agreement was filed, thereby eliminating the benefit that he expected to

4

receive from the government's agreement to recommend up to a three-level reduction in his offense level for acceptance of responsibility.   We are unpersuaded.  Among other things, Lovett has not demonstrated error under the first prong of plain-error review.  Like the plea agreements in Al-Arian and Perdue, Lovett's plea agreement makes no mention of the government action he now complains about on appeal -- in this case, the government's filing of a § 851 information.   In addition, like the plea agreement in Al-Arian, Lovett's plea agreement contains an integration clause providing that the written plea agreement constitutes the entire agreement between the parties and no other promises, agreements, or representations exist.  Thus, there is no ambiguity regarding the § 851 information because there is no mention of it in the plea agreement.

Instead, the plea agreement unambiguously obligates the government to recommend up to a three-level downward adjustment in Lovett's offense level for acceptance of responsibility in certain circumstances, and Lovett received that reduction.  Moreover, the plea agreement specifically says that Lovett faced a mandatory-minimum sentence of 20 years' imprisonment, which would only apply upon the filing of a § 851 information.  Accordingly, because the plea agreement is unambiguous and contains no prohibition against the government filing a § 851 information, the government did not breach the plea agreement by doing so. In any event, even if the plea agreement were ambiguous on the issue of whether the

government would file a § 851 information, and this ambiguity were construed against the government, Lovett has not shown that any error in filing the information was plain.

**AFFIRMED**.