[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15344
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20324-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAXO DUCLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 26, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Maxo Ducler appeals his convictions after pleading guilty to several drug-trafficking and firearms offenses.  On appeal, Ducler seeks to vacate his plea on two grounds:  he alleges (1) the district court violated Rule 11, Fed. R. Crim. P., by failing to ensure both that Ducler understood the nature of the drug-conspiracy charge and that an adequate factual basis supported his plea to that charge; and (2) the government breached the plea agreement by permitting a state prosecution to continue after Ducler entered his guilty plea in the federal case.  After careful review, we affirm Ducler's convictions.

## I.

In June 2017, Ducler was charged by a superseding indictment with several drug-trafficking and firearms offenses:  one count of conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. § 846 (Count 1); three counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1) (Counts 2, 4, and 7); three counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Counts 3, 5, and 8); and two counts of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Counts 6 and 9).  The conspiracy count charged Ducler and a codefendant, Widner Gabriel, with conspiring to possess with intent to distribute cocaine base ("crack cocaine"), cocaine, fentanyl, MDMA, and oxycodone.

In July 2017, Ducler agreed to plead guilty to Counts 1 through 6 under a written plea agreement. The parties jointly recommended a total sentence of 17 years in prison (twelve years on Counts 1 through 5, plus a consecutive five-year sentence on Count 6). The government agreed to dismiss the remaining counts after sentencing. In addition, the parties "agreed that, in contemplation of this agreement," a related state criminal case against Ducler "will not be prosecuted by the State Attorney's Office."

The parties also executed a factual proffer stipulating to facts that "would have been proven beyond a reasonable doubt" at trial. According to the proffer, Ducler sold drugs or guns or both to a confidential informant on three occasions in February and March of 2017: (1) on February 28, Ducler sold two ounces of crack cocaine and one ounce of powder cocaine; (2) on March 8, Ducler sold a loaded gun; and (3) on March 22, Ducler sold three ounces of crack cocaine and a gun. The proffer stated that Gabriel was present for the third transaction and "helped DUCLER unload the firearm before the transaction was completed."

A magistrate judge conducted a change-of-plea hearing on July 28, 2017. Ducler confirmed that he had received a copy of the superseding indictment, that he had an opportunity to discuss the charges and the plea agreement with his attorney, that he understood and did not have questions about the terms of the plea agreement, and that he was pleading guilty because he was, in fact, guilty as charged. After

3

going over the maximum penalties Ducler faced, the sentencing guidelines, and the rights Ducler was giving up by pleading guilty, the magistrate judge addressed the nature of the charges.

As to the nature of Count 1, the magistrate judge advised, "Count 1 charges you with conspiring to possess with the intent to distribute controlled substances, cocaine base[], which is called crack cocaine, fentanyl, MDMA, and oxycodone, all of which are listed on either Schedules 1 and 2 of controlled substances." Ducler stated that he understood the offenses to which he was pleading guilty. Further, defense counsel agreed that the factual proffer "sets forth facts which establish the guilt of this defendant beyond a reasonable doubt."

Ducler then pled guilty to Counts 1 through 6, and the magistrate judge found that he was "aware of the nature of the charges and the consequences of his pleas of guilty," which were "supported by an independent basis in fact, containing all of the material elements of the offenses." After the hearing, the magistrate judge issued a report recommending that the district court accept Ducler's guilty plea as freely and voluntarily made. The district court adopted the report and recommendation without objection by Ducler.

Ducler was sentenced in November 2017 to a total of 17 years in prison, as the parties had jointly recommended in the plea agreement. At sentencing, the government attorney referenced the state prosecution against Ducler and stated that

she would "deal with [the state case] after sentencing, if the Plea Agreement is upheld." Ducler raised no issue with respect to the state case at that time. He timely appealed from the judgment.

In August 2019, while this appeal was pending, Ducler filed records from the state case. According to these records, Ducler was charged by information in June 2017. The state submitted a request for temporary custody in March 2018, and Ducler was transferred in early June 2018 and made his first appearance on June 6, 2018. Nine days later, on June 15, 2018, the state dismissed its case against Ducler, who was then returned to federal custody.

## II.

Ducler contends that his guilty plea should be vacated because the district court violated Rule 11 by failing to ensure that he understood the nature of the conspiracy charge and failing to secure a sufficient factual basis for his plea to that charge.

Ducler concedes that, because these arguments were raised for the first time on appeal, he must demonstrate plain error.[1]  *See United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014) ("We review for plain error when a defendant . . .

---

[1] The government contends that Ducler waived these arguments by failing to raise them in objections to the magistrate judge's report and recommendation.  *See* Fed. R. Crim. P. 59(b)(2) (providing that a party has fourteen days to file objections to a magistrate judge's recommendation and that the failure to object "waives a party's right to review").  We need not decide the waiver issue because, even assuming the arguments are not waived, Ducler cannot establish plain error.

fails to object in the district court to a claimed Rule 11 violation, including a claim that there was an insufficient factual basis for a guilty plea."). Under plain-error review, Ducler bears the burden of showing (1) an error (2) that is plain and (3) that affects substantial rights. *Id.* To meet the third prong, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We may "consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

"Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). Among other things, Rule 11 mandates that courts inform the defendant of, and determine that he understand, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). The district court must also "determine there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "A 'factual basis for the plea' simply means that there must be evidence from which a court could reasonably find that the defendant was guilty, and uncontroverted evidence of guilt is not required." *Rodriguez*, 751 F.3d at 1255 (quotation marks omitted).

**A.**

6

There is no specific way that a district court is required to inform the defendant of the nature of the charges. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1286 (11th Cir. 2015). The adequacy of the colloquy depends on various factors, including the complexity of the charges and the defendant's intelligence and sophistication. *Id.* "For simple charges that are generally familiar to a layman, a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice." *Id.* (quotation marks omitted).

Here, the district court did not plainly err. This case is materially similar to *Puentes-Hurtado*, in which we held that a district court did not plainly err where the "court asked Mr. Puentes-Hurtado if he understood that Count 1 charged him 'with a conspiracy to possess with the intent to distribute cocaine and methamphetamine,' and Mr. Puentes–Hurtado responded '[c]orrect." *Id.* Although the court did not go further and "explain the elements of the narcotics conspiracy charge," we concluded that the failure to do so did not affect the defendant's substantial rights. *Id.* We explained that, "[u]nder our precedent, that charge was a 'simple' one, and the district court did not commit plain error when it failed to provide more explanation." *Id.* And we noted that the court did more than simply "ask[] the defendant if he had read the indictment and understood what he had been charged with." *Id.*

The same reasoning applies in this case. The magistrate judge did more than simply ask Ducler if he had read the indictment and understood what he had been

charged with.  Rather, similar to the court in *Puentes-Hurtado*, the magistrate judge specifically advised Ducler that Count 1 charged him with "conspiring to possess with the intent to distribute controlled substances, cocaine base[], which is called crack cocaine, fentanyl, MDMA, and oxycodone," and Ducler stated that he understood the charge and had an opportunity to discuss the charges with his attorney.  While the magistrate judge did not go over the elements of that charge, the drug-conspiracy charge here, like the drug-conspiracy charge in *Puentes-Hurtado*, was a "simple" one under our precedent.  *See id.*  Accordingly, "the district court did not commit plain error when it failed to provide more explanation."  *Id.*

**B.**

Next, the factual basis.  Ordinarily, "[t]he standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty."  *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990).  The purpose of the factual-basis requirement is "to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading."  *Id.*

To support a conviction for conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846, "the government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) [the defendant] knew of the essential objectives of the conspiracy; and (3) [he] knowingly and voluntarily

8

participated in the conspiracy." *United States v. Calderon*, 127 F.3d 1314, 1326 (11th Cir. 1997) (quotation marks omitted).

Ducler has not established any error regarding the factual basis affected his substantial rights. At the change-of-plea hearing, defense counsel agreed that the facts set forth in the factual proffer establish Ducler's guilt on the conspiracy charge, along with the other offenses, beyond a reasonable doubt. In the factual proffer, Ducler stipulated that his codefendant, Gabriel, was present for a transaction during which Ducler sold three ounces of crack cocaine and a gun and that Gabriel "helped [him] unload the firearm before the transaction was completed."

Ducler now contends that Gabriel's "mere presence" during this transaction is not enough to prove a conspiracy. *See*, *e.g.*, *United States v. Pintado*, 715 F.2d 1501, 1504 (11th Cir. 1983) (mere presence at the scene of a crime is not enough to sustain a conspiracy conviction). But even assuming that's correct, the district court was presented with other evidence in the record "from which it could reasonably find that the defendant was guilty." *Lopez*, 907 F.2d at 1100. Specifically, a government agent testified at sentencing that a search of the residence where Ducler sold the drugs to the CI revealed both drugs and drug paraphernalia, including a "large amount of cocaine" and some oxycodone pills and some fentanyl. In addition, according to the agent, Gabriel was present for the search and later admitted that the residence was a "stash house" for himself and Ducler and their drug-trafficking

9

operation, which involved "importing kilogram[] amounts of cocaine and shipping out firearms." The agent advised that Gabriel was prepared to testify against Ducler in this case.

Ducler points out that this "this testimony was elicited several months after [he] changed his plea to guilty." But this evidence was known to the district court before it entered judgment on the guilty plea. *See* Fed. R. Crim. P. 11(b)(3) ("*Before entering judgment on a guilty plea*, the court must determine that there is a factual basis for the plea." (emphasis added)). And we may "consult the whole record when considering the effect of any error on substantial rights." *Vonn*, 535 U.S. at 59. Moreover, while Ducler did not stipulate to these additional facts, "[t]here is no requirement that there be uncontroverted evidence of guilt." *United States v. Owen*, 858 F.2d 1514, 1516–17 (11th Cir. 1988). Accordingly, Ducler has made no showing that any error regarding the factual basis affected his substantial rights. *See Dominguez Benitez*, 542 U.S. at 83.

## III.

Ducler next contends that the government breached the terms of the plea agreement, since, for eleven months after Ducler entered his guilty plea, the State Attorney's Office continued prosecuting him on a related state criminal case. We

review *de novo* whether the government has breached a plea agreement.[2] *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016).

The government is bound by any material promises made to induce the defendant to plead guilty. *United States v. Thomas*, 487 F.3d 1358, 1360 (11th Cir. 2007). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement when he entered the plea." *Id.*

The Supreme Court has held that "*some* breaches may be curable . . . for example, where the prosecution simply forgot its commitment and is willing to adhere to the agreement." *Puckett v. United States*, 556 U.S. 129, 140 (2009) (emphasis in original). We have allowed the government to cure a breach of a plea agreement and reasoned that the government's cure of a breach will obviate the need for further action from the district court to salvage the plea agreement. *See Raulerson v. United States*, 901 F.2d 1009, 1013 (11th Cir. 1990); *In re Arnett*, 804 F.2d 1200, 1204 (11th Cir. 1986) (permitting the government an opportunity to cure where the defendant suffered no prejudice).

---

[2] The government points out that if Ducler's argument is that the government was in breach from the moment he entered his guilty plea, then Ducler had an opportunity to raise that issue before sentencing, in which case our review would be for plain error. *See United States v. Davila*, 749 F.3d 982, 993 (11th Cir. 2014) (holding that plain-error review applies where the defendant had "ample occasion" to raise the issue before the district court). In any case, we conclude that Ducler is not entitled to relief even under *de novo* review.

Here, we need not resolve whether the government breached its promise under the plea agreement because even if any breach occurred, it was harmless and promptly cured.[3]  In the plea agreement, the parties "agreed that, in contemplation of this agreement," a related state criminal case against Ducler "will not be prosecuted by the State Attorney's Office."  That state case was pending when Ducler pled guilty in July 2017.  No action was taken in that case—i.e., the state did not attempt to prosecute the case against him—until March 2018, when the state requested temporary custody.  Ducler was then transferred to state custody in early June 2018, and the charges were dismissed less than two weeks later.  The record fails to show, and Ducler does not explain, how he was materially harmed by his brief transfer to state custody while serving his 17-year federal sentence.  And once the state dismissed the charges, he received the benefit of his bargain with the government, curing any putative breach of the plea agreement.  *See Raulerson*, 901 F.2d at 1013; *In re Arnett*, 804 F.2d at 1204.  Accordingly, we conclude that Ducler is not entitled to the remedy of withdrawal from the plea agreement.

**IV.**

---

[3] It's unclear whether the promise is enforceable, given that the federal government and the states are separate sovereigns, and the state does not appear to have been a party to the plea agreement.  *See United States v. Ballard*, 6 F.3d 1502, 1508 (11th Cir. 1993).  The government does not argue that point, however, so we assume that the promise is enforceable.

12

For the reasons stated, we reject Ducler's attempts to vacate his guilty plea, and we affirm his convictions.

**AFFIRMED.**