PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————————————

No. 95-9377

———————————————————————

D. C. Docket No. CR-495-094-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GORDON JOHNSON, a.k.a. Gordy,

Defendant-Appellant.

———————————————————————

No. 95-9499

———————————————————————

D. C. Docket No. 4:95-CR-94

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONN BURNS,

Defendant-Appellant.

_____

No. 95-9509
_____

D. C. Docket No. 4:95-cr-94

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD PROCTOR, a.k.a. Ricky,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

**(January 6, 1998)**

Before EDMONDSON and DUBINA, Circuit Judges, and LIMBAUGH*, Senior
District Judge.

_____

*Honorable Stephen N. Limbaugh, Senior U.S. District Judge for the Eastern
District of Missouri, sitting by designation.

# PER CURIAM:

**2**

Gordon Johnson, Donn Burns, and Richard Proctor challenge various trial rulings and sentencing determinations.  We conclude that two reversible errors occurred as to Proctor's sentence: (1) Proctor's plea agreement was breached by the government; and (2) Proctor was improperly denied a third point of reduction for acceptance of responsibility.  No other reversible errors exist.  So, we vacate Proctor's sentence, remand for resentencing with instructions; and affirm otherwise.

## Discussion[1]

[1]The three defendants raise many arguments challenging their sentences or convictions. Proctor argues: (1) breach of plea agreement; (2) error for not providing a full three-point reduction in his sentence for acceptance of responsibility; and (3) error for enhancing his sentence due to co-conspirator's weapons

3

In 1995, Richard Proctor (Proctor) was charged, along with seventeen others, in a multi-count indictment. Proctor later entered into a plea agreement with the government. The plea agreement stated: "The government represents that an amount of marijuana not greater than 100 pounds should be attributed to this defendant." The agreement also provided that the government would "make no recommendation as to sentence."

Despite the agreement's plain language, however, the later PSI -- prepared independently

possession. Burns argues: (1) error for enhancing his sentence due to obstruction of justice and co-conspirator's weapons possession; (2) error because district court failed to articulate reasons for his particular sentence; and (3) error because district court considered hearsay in sentencing him. Johnson argues that there was insufficient evidence to support his conviction.

4

by the court's probation officer -- recommended that Proctor be held accountable for 1400 pounds of marijuana. When the sentencing court inquired into the difference between the amount in the plea agreement and the amount in the PSI, the Assistant United States Attorney (AUSA) explained that another co-conspirator, Mike Miller (Miller), was not interviewed until the day after the plea agreement was made and that Miller's testimony had changed the amount involved -- in the words of the AUSA during the sentencing hearing -- "substantially and drastically." The AUSA also said other things that further undermined the agreed-upon provision in the plea agreement. Proctor contends that this conduct -- in effect, arguing in favor of the probation officer's finding in the

5

PSI that Proctor should be held accountable for 1400 pounds of marijuana -- was a breach of the plea agreement.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 92 S. Ct. 495, 499 (1971). It is not the court's role to determine if the government made a wise choice in entering into the plea agreement. United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). Instead, the court is only responsible for ensuring the terms of a plea agreement are followed. Id.

Here, the government does not dispute that the quantity limitation induced Proctor to plead

guilty. The government advances two arguments in response to the claim of breach: (1) stipulations or plea agreements between parties are not binding on the sentencing court under the Sentencing Guidelines; and (2) the AUSA was not bolstering the contradictory PSI report, but instead was simply answering the judge's questions, as the AUSA was required to do as an officer of the court.

That the sentencing court is not bound by the parties' agreements or recommendations is well settled. But, as Proctor contends, the AUSA, <u>not the court</u>, violated the plea agreement; the sentencing judge's acts are not important to this issue. See <u>Santobello</u>, 92 S. Ct. at 499 (remanding case for violation of plea agreement by prosecutor even though Court

had no reason to doubt sentencing judge's statement that prosecutor's recommendation did not influence sentence).  As we wrote in **United States v. Tobon-Hernandez**, 845 F.2d 277, 280 (11th Cir. 1988):

> **[The cases the government cites] are inapposite, however, because they deal with the sentencing court's role**.  In this case, we do not address the district court's exercise of discretion in imposing a sentence.  Rather, **we focus on the government's violation of its plea agreement**.

(emphasis added).  Thus, the government's first argument is unavailing.

The government's other argument -- that it was merely answering the district court's questions, not bolstering the contradictory PSI -- is also without merit.  The pertinent AUSA did more than just answer the sentencing court's questions.  Briefly stated, the court's questions

**8**

just invited the AUSA to respond to the PSI's conclusion that 1400 pounds of marijuana was, in fact, involved -- and not 100 pounds as the government had stipulated with Proctor. This case is not one in which a prosecutor is subject to much pointed probing by the district judge, ultimately prying information from the AUSA contrary to the plea agreement. In this instance, the AUSA's response to the PSI's variance from the government stipulation was for the AUSA to choose to become, in effect, an advocate that the sentencing court should accept the PSI's numbers and not the 100 pounds to which the government had stipulated.

Miller was the person whose testimony led the probation officer to conclude that a large amount of marijuana was involved in this case:

9

many, many more pounds than 100 pounds. Faced with the PSI, the defense counsel argued that Miller was unworthy of belief; so, the 100-pound stipulation (or some weight close to it) ought to be accepted by the sentencing court. But the AUSA vouched for Miller's credibility: "But I, too, found Mr. Miller to be credible and believable."; "There's no way that Mr. Miller could have made that up."; "There's little reason to believe that Mr. Miller has dreamed up these poundage quantities pertaining to Mr. Proctor out of whole cloth because they are substantially corroborated by the testimony of other individuals that Mr. Rasper [the probation officer] has interviewed." There were other examples.

We stress again that these comments -- each of which undercut the stipulation on the weight of the marijuana -- were not demanded from an AUSA by a zealous judge.  As we read the transcript, the AUSA abandoned the agreement he made with Proctor and became an enthusiastic advocate for a "fact" at odds with the "fact" to which he had stipulated.  Proctor's plea agreement was breached by the prosecutors.  See United States v. Boatner, 966 F.2d 1575, 1579 (11th Cir. 1992) (finding government breached plea agreement by bolstering PSI containing recommendation that defendant be held accountable for greater quantity of drugs than stipulated to in agreement).

Having established that the government breached the plea agreement, we must next consider how to rectify the situation. Two remedies are available for the government's breach of a plea agreement: specific performance of the agreement or withdrawal of the guilty plea. <u>Santobello</u>, 92 S. Ct. at 499. "While the choice of a remedy is within the discretion of the court rather than the defendant, [however,] the remedy of withdrawal of the guilty plea has not been favored in this circuit." <u>United States v. Jefferies</u>, 908 F.2d 1520, 1527 (11th Cir. 1990). Specific performance is particularly appropriate where, as here, no question exists that the plea was knowingly and voluntarily entered. <u>Tobon-Hernandez</u>, 845 F.2d at 281 ("Tobon-Hernandez knowingly and

voluntarily entered his guilty plea.  To allow him to withdraw that plea and proceed to trial would be unwarranted.  Rather, <u>his voluntary plea agreement should bind him just as it binds the government</u>.").

In this case, we conclude that Proctor's sentence should be vacated and that he should be resentenced by a different judge.  We, however, do not require that the PSI be altered because it appears that the PSI was based on information obtained independently of the prosecution (the party bound by the plea agreement).  On remand, the sentencing court can make its own determinations as to the most appropriate sentence -- being bound by neither the plea agreement nor the PSI.

Proctor also contends that the district court misapplied the sentencing guidelines by granting only a two-level reduction, instead of three, after it determined that Proctor accepted responsibility under U.S.S.G. § 3E1.1. "Once the district court has determined the defendant has accepted responsibility, . . . the court's application of the guidelines is reviewed <u>de novo</u>." <u>United States v. McPhee</u>, 108 F.3d 287, 289 (11th Cir. 1997). Here, the district court did, in fact, decide that Proctor was entitled to a reduction in his offense level due to his acceptance of responsibility. But, the district court did not grant the full three-level reduction -- probably because of the conflicting evidence concerning the quantity of drugs attributable to Proctor. The district court, however, did not

**14**

have the benefit of our recent decision in McPhee, which held that "once a defendant is awarded a two-level reduction for acceptance of responsibility, whether or not to grant the one-level reduction is a matter of determining only whether the defendant timely provided information and notified authorities of his intention to enter a plea of guilty." Id. at 289-90.

In this case, "the district court denied the additional point on improper grounds"; resentencing is necessary on this issue as well. Id. at 290. Section 3E1.1 will require that the sentencing court to grant an additional one-point reduction if it determines that Proctor accepted responsibility and did so in a timely way.

15

**VACATED and REMANDED in part; AFFIRMED in part.**