[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10214
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00044-CR-FTM-33DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALLAS E. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 30, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Dallas E. Davis appeals his sentence after pleading guilty to two counts of possession with intent to distribute and distribution of crack cocaine. See 21 U.S.C. § 841. Davis argues that (1) his sentence should be vacated because he was entitled to sentencing by a different district court judge after the government breached its obligation under his plea agreement and (2) his sentence under section 841(b) violates Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). We affirm.

On three occasions in January 2004, Davis sold crack cocaine to an undercover agent of the U.S. Drug Enforcement Administration. Davis was arrested and indicted on three counts of possession with intent to distribute and distribution of crack cocaine. See 21 U.S.C. § 841. Davis entered a written plea agreement in which the government agreed to dismiss the third count of the indictment and recommend a sentence "at the low end of the applicable guideline range" in exchange for Davis's pleading guilty to the first two charges. On August 4, 2005, Davis pleaded guilty.

At Davis's sentencing hearing, the district court calculated a guidelines range of 84 to 105 months of imprisonment. The government recommended a sentence "within the guidelines range." The district court commented on Davis's prior drug convictions and sentenced Davis to 100 months of imprisonment.

After the district court adjourned the hearing, Davis reminded the government of its obligation to recommend a sentence at the low end of the guidelines range. The government requested that the district court reopen the sentencing hearing and advised the district court that it was "contractually bound to recommend" a sentence of 84 months. The district court reopened the hearing and permitted both parties an opportunity to argue. The district court then stated that it does not always follow the recommendation of the government, spent a "long time looking through [Davis's] background," and determined that the sentence of 100 months was an "appropriate and fair sentence, given the crime involved, given the defendant's background, and given the defendant's history." Davis did not object to the sentence or that it was imposed by the same district court judge.

This Court reviews de novo the remedy for a violation of a plea agreement by the government. See United States v. Johnson, 132 F.3d 628, 631 (11th Cir. 1998). We review de novo the constitutionality of a statute. See United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004). "We review arguments raised for the first time on appeal for plain error." United States v. Clark, 274 F.3d 1325, 1325 (11th Cir. 2001).

Davis argues that resentencing by the same district court judge was an insufficient remedy for the breach of the plea agreement by the government.

3

Because Davis failed to object to this remedy, we review for plain error. See id. "We will find plain error only where (1) there is an error in the district court's determination; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citing United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996)). "In regard to this third prong, 'it is the defendant rather than the government who bears the burden of persuasion with respect to prejudice.'" United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (quoting United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993)).

Even if the district court committed error that is plain by reopening the sentencing hearing and resentencing Davis, see Johnson, 132 F.3d 631, Davis cannot establish prejudice. Davis must establish a "reasonable probability" that his sentence would have been lower. Id. Davis offers no evidence that his sentence would have been lower had his sentencing been reassigned to an "untainted" district court judge. To the contrary, the district court stated that it considered the recommendation of the government but chose not to follow it because of Davis's conduct, background, and history. Davis suffered no prejudice when he was

4

resentenced by the same district court judge after the breach was brought to the attention of the court.

Davis also argues that his sentence is unconstitutional under <u>Apprendi</u>, 530 U.S. 466, 120 S. Ct. 2348, because section 841(b) allows facts not found by a jury to increase the sentence beyond the statutory maximum. Davis failed to raise this argument before the district court, and this Court recently held that section 841 does not violate <u>Apprendi</u> and its progeny. <u>See</u> <u>United States v. Underwood</u>, 446 F.3d 1340, 1345 (11th Cir. 2006). We find no error, plain or otherwise.

**AFFIRMED**.