[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11061
Non-Argument Calendar

_____

D. C. Docket No. 08-00307-CR-JHH-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE LAMONT RIVERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 6, 2009)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Wayne Lamont Rivers appeals his conviction and sentence for possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Rivers first argues that the government breached his plea agreement by failing to recommend an adjustment for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1. Second, Rivers contends that the district court erroneously increased his offense level under U.S.S.G. § 2K2.1(b)(1)(A) based on a finding that the offense involved three firearms. We AFFIRM for the following reasons.

## I. BACKGROUND

Rivers stipulated in his written plea agreement that the following facts were correct. A police officer stopped Rivers for speeding in January 2008. Inside the vehicle, the officer discovered a loaded Glock .357 caliber pistol and a Masterpiece Arms .45 caliber pistol with a flash suppressor. Rivers also stipulated that he had a 1999 federal felony conviction for conspiracy to possess with the intent to distribute cocaine and possession with the intent to distribute cocaine. As part of the plea agreement, the government agreed to recommend a reduction in Rivers' offense level for acceptance of responsibility.

According to a presentence investigation report (PSI), Rivers' base offense level of 26 was subject to a two-level increase under U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three firearms – a Glock .357 caliber pistol, a Masterpiece Arms .45 caliber pistol, and a .45 caliber flash suppressor (silencer). The PSI did not recommend an adjustment for acceptance of responsibility because Rivers denied to the probation officer that he knowingly possessed any firearms. Instead, Rivers told the probation officer that he was driving his brother's car and was unaware that any firearms were inside. Rivers further indicated that he only pled guilty to end the case.

Rivers objected to the PSI on three grounds. First, he contended that he was entitled to a three-point reduction in his offense level for acceptance of responsibility based on his entry of a guilty plea. Second, he argued that a two-level increase for the possession of three firearms was unwarranted because the .45 caliber flash suppressor was part of the .45 caliber pistol. Third, Rivers contested his criminal history calculation based on his prior conviction for carrying a pistol without a license.

The district court overruled all of Rivers' objections to the PSI at sentencing and found that the PSI's factual statements and guideline computations were accurate. Contrary to the plea agreement, the government did not recommend a

3

downward adjustment for acceptance of responsibility. After considering the factors set forth in 18 U.S.C. § 3553(a), the court sentenced Rivers to the low-end range of his guidelines sentence, 110 months of imprisonment, and three years of supervised release.

## II. DISCUSSION

A. <u>Breach of the Plea Agreement</u>

Rivers seeks to withdraw his guilty plea based on the government's failure to keep its promise to recommend a reduction for acceptance of responsibility.[1] He asserts that he would not have pled guilty without this inducement and that the breach caused him prejudice by subjecting him to a higher sentencing guideline range.

Because Rivers did not challenge the government's breach of a plea agreement before the district court, we review for plain error. <u>See</u> <u>Puckett v. United States</u>, 556 U.S. ___, ___, 129 S. Ct. 1423, 1428 (2009); <u>United States v. De La Garza</u>, 516 F.3d 1266, 1269 (11th Cir. 2008). This requires the existence of "(1) an error, (2) that is plain, (3) that affects the defendant's substantial rights,

_____

[1] A two-level decrease in the offense level is warranted if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A three-level decrease is appropriate if the defendant qualifies for a decrease under subsection (a), the offense level prior to application of subsection (a) is level 16 or greater, and the government affirms that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a guilty plea. <u>See</u> <u>id.</u> § 3E1.1(b).

and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." De La Garza, 516 F.3d at 1269. A defendant's substantial rights are affected if the error "affected the outcome of the district court proceedings." Puckett, 556 U.S. at ___, 129 S. Ct. at 1429 (quotation marks and citation omitted). Where the affected rights relate to sentencing, "the 'outcome' he must show to have been affected is his sentence." Id. at ___, 129 S. Ct. at 1433 n.4. (quotation marks and citation omitted). "[A] defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway . . . or because he likely would not have obtained those benefits in any event . . . ." Id. at ___, 129 S. Ct. at 1432-33.

The latter situation applies here. The government concedes that an error clearly occurred when it breached the plea agreement by not recommending a reduction for acceptance of responsibility. Nonetheless, no prejudice can be shown because Rivers "likely would not have obtained those benefits in any event . . . ." Id. The district court would not have been obligated to award a reduction even if the government had recommended one. See United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998) (per curiam) ("That the sentencing court is not bound by the parties' agreements or recommendations is well settled.").

5

Moreover, it is highly improbable that the district court would have awarded a reduction given Rivers' insistence to the probation officer that he did not knowingly possess any firearms. Rivers has thus failed to show that his sentence would have been different had the government made good on its promise. See Puckett, 556 U.S. at ___, 129 S. Ct. at 1433 n.4. Absent a showing that his substantial rights were affected by the government's breach of the plea agreement, Rivers cannot establish plain error. See De La Garza, 516 F.3d at 1270-71 ("It is, at best, uncertain whether the Government's breach had an effect on his sentence, and therefore we hold that De La Garza failed to establish plain error.")

B. Application of U.S.S.G. § 2K2.1

Rivers next argues that the district court erred by increasing his offense level under U.S.S.G. § 2K2.1(b)(1)(A) based on its finding that the offense involved three firearms. He submits that the flash suppressor did not qualify as a separate firearm under § 2K2.1(b)(1)(A) because it was attached to the .45 caliber pistol. In addition, he asserts for the first time on appeal that he did not knowingly possess the flash suppressor.

We review a district court's application and interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. See United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). Section 2K2.1(b)(1)(A) mandates a

6

two-level increase to a defendant's offense level if he possessed three to seven firearms. See U.S.S.G. § 2K2.1(b)(1)(A). The term "firearm" is given the same meaning as used in 18 U.S.C. § 921(a)(3), which includes "any firearm muffler or firearm silencer." U.S.S.G. § 2K2.1, comment. (n.1); 18 U.S.C. § 921(a)(3)(C). The PSI stated that the flash suppressor at issue was a silencer, a fact undisputed by Rivers and adopted by the district court. "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them." United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (quotation marks and citation omitted), petition for cert. filed, (U.S. July 16, 2009) (No. 09-5482). Accordingly, the district court correctly counted the silencer (.45 caliber flash suppressor) as a separate firearm under U.S.S.G. § 2K2.1.

We also reject Rivers' contention that he did not knowingly possess the flash suppressor. Because Rivers did not raise this argument in the district court, we review for plain error. For the purposes of § 2K2.1(b)(1), the district court should "count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed . . . ." U.S.S.G. § 2K2.1, comment. (n.5). Here, there was substantial evidence that Rivers knowingly possessed the flash suppressor. Rivers agreed to plead guilty to Count One of the

indictment, which charged him with knowingly possessing the Masterpiece Arms .45 caliber pistol. Rivers further admitted in his written plea agreement that the Masterpiece Arms .45 caliber pistol had an attached flash suppressor, which was located in the back seat of the vehicle he was driving. Consistent with his guilty plea, Rivers conceded at the sentencing hearing that "he is not denying possession of the gun." Doc. 26 at 10. The sentencing court was entitled to base its factual findings on the facts admitted by Rivers' guilty plea or evidence presented at the sentencing hearing. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989). In any event, the fact that Rivers had ready access to the flash suppressor in the vehicle's back seat was sufficient to establish his knowing possession of that firearm. See United States v. Gonzalez, 71 F.3d 819, 835 (11th Cir. 1996) (concluding that the defendant knowingly possessed a weapon found in the glove compartment of the car he was in, irrespective of the fact that the car belonged to another person). Accordingly, we discern no error, plain or otherwise, in this matter.

### III. CONCLUSION

In sum, we conclude that Rivers has not shown that his substantial rights were affected by the government's failure to recommend a reduction for acceptance of responsibility. We also conclude that the district court correctly

increased Rivers' offense level based on his possession of three firearms. We therefore AFFIRM Rivers' conviction and sentence.

**AFFIRMED.**