[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10273
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00022-WTM-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK MARCELL JETER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 14, 2011)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Derek Marcell Jeter appeals his 46-month above-guideline sentence imposed

following his guilty plea to one count of bank fraud, in violation of 18 U.S.C. § 1344.

On appeal, Jeter argues that the government breached the plea agreement by recommending an above-guideline sentence, which requires us to remand for re-sentencing. Because he knowingly and voluntarily entered his guilty plea, Jeter requests that we order re-sentencing before a different district court judge. After careful review, we vacate and remand.

We review de novo whether the government breached a plea agreement. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). When a plea rests in any significant portion on the government's promise or agreement, so that it becomes part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971).

We have held that whether the district court considered or was influenced by the government's position on the sentencing issue is not relevant. United States v. Johnson, 132 F.3d 628, 630 (11th Cir. 1998). When analyzing an alleged violation of a plea agreement, we do "not address the district court's exercise of discretion in imposing a sentence. Rather, we focus on the government's violation of its plea agreement." Id. (quotation and emphasis omitted). We have held that "[a]dvocacy of a position requiring a greater sentence is flatly inconsistent with recommendation of a lesser sentence." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996). In Taylor, the government conceded that its support of the PSI's position on related

conduct was incompatible with the plea agreement's terms, but it argued that it cured the breach by recommending the appropriate sentence at the sentencing hearing. Id. at 371. We disagreed and held that the government's recommendation, "which merely paid 'lip service' to the agreement, [was] insufficient to rectify the breach committed when the government advocated a position requiring a longer sentence than it had agreed to recommend." Id.

When the government's breach of an agreement has been established, we may either order specific performance of the agreement by means of re-sentencing before a different judge or allow a withdrawal of the plea. Johnson, 132 F.3d at 631. We have not favored withdrawal of the guilty plea where, as here, no question exists that the plea was knowingly and voluntarily entered. Id.

In the plea agreement and at Jeter's Rule 11 hearing, the government agreed that it would recommend a within-guideline sentence. But in a sentencing memorandum and at sentencing, the government advocated a 51-month above-guideline sentence. By recommending an above-guideline sentence, the government clearly violated the plea agreement. Further, as it concedes, the government's apology and subsequent within-guideline recommendation failed to cure the breach. See Taylor, 77 F.3d at 371. Moreover, the district court did not cure the government's breach when it stated that it did not rely upon the government's

3

initial recommendation in imposing Jeter's sentence. See Santobello, 404 U.S. at 262 (remanding case even though the Court had "no reason to doubt" the sentencing judge's statement that "the prosecutor's recommendation did not influence him"). Finally, as in Johnson, 132 F.3d at 631, Jeter does not seek to withdraw his knowing and voluntary guilty plea. Therefore, as the government agrees, our precedent compels us to vacate Jeter's sentence and order that he be resentenced by a different district court judge.

**VACATED AND REMANDED.**