[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15482
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cr-00058-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EDWARD TODD

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 7, 2012)

Before BARKETT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Michael Edward Todd appeals his sentence of forty-six months imprisonment, which the district court imposed following a guilty plea.[1]  He argues that the sentence should be set aside because (1) the government breached the plea agreement by seeking the denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; (2) the district court erred in denying him that reduction; and (3) the sentence is substantively unreasonable.

I.

Under the plea agreement in this case, the government expressly "agree[d] to recommend that [Todd] receive a three level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1."  This obligation was subject to only one exception.  Specifically, the parties agreed that the government could seek the denial of the reduction for acceptance of responsibility

> should the defendant seek to withdraw the guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

---

[1] Todd pleaded guilty to one count of conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778, and some of its accompanying regulations, 22 C.F.R. §§ 123.1 and 127.1, as well as the International Emergency Economic Powers Act, 50 U.S.C. § 1705, and some of its implementing regulations, 31 C.F.R. §§ 560.203 and 560.204, all in violation of 18 U.S.C. § 371.

The parties stipulated that, with the reduction for acceptance of responsibility, the guideline range for Todd would be forty-six months to fifty-seven months imprisonment.  The government separately agreed to file a motion for a departure under U.S.S.G. § 5K1.1 if, "in the government's sole opinion, the defendant renders substantial assistance."  The parties signed the agreement on May 9, 2011.

The probation officer prepared a presentence investigation report (PSR), which recommended that Todd be denied a reduction for acceptance of responsibility.  The probation officer based this recommendation on Todd's drug use and his failure to attend a drug treatment program.  Todd filed an objection to the PSR.  He asserted that his problems with drugs was a longstanding one, that he had accepted responsibility for the drug use, and that his guideline range should be the one contemplated by the plea agreement.

The government filed a response to Todd's objection, asserting that the denial of the reduction would be appropriate.  The government emphasized that Todd's behavior "over the four month period from when he was first arraigned demonstrates his denial of acceptance of responsibility."  The last events that the government cited were a positive drug test in April 2011, as well as Todd's failure to attend a substance abuse program that month.  The government also filed a U.S.S.G. § 5K1.1 motion, but, in a separate sentencing memorandum, it again

3

stated that the district court should deny a reduction for acceptance of responsibility.

At sentencing, the parties addressed this specific issue. Todd told the district court:

> What I think is important to note here in this particular case is that the government, after these [drug] issues came up, . . . the government then proffered to him a plea agreement. That plea agreement basically promised him acceptance of responsibility, that they would recommend not only the two levels, but the third level . . . . So the government was well aware that these issues had come up and in their plea agreement still maintained and set forth a guideline range which essentially resulted in a sentence at that time of 46 to 57 months.

Todd then went on to argue that he should be granted a reduction for acceptance of responsibility. In response, the government said: "We certainly stand by our plea agreement and we certainly contemplated the three points of acceptance based on the merits of the case and his coming forward." But it went on to argue that "the situation of how [Todd] conducts himself while he is permitted to be out on bond" was a different issue, and it warranted the denial of acceptance of responsibility.

The district court denied Todd's objection and found that his guideline range was sixty-three months to seventy-eight months imprisonment. Because of a statutory maximum, however, that range became a guideline sentence of sixty

4

months.  The court then granted the U.S.S.G. § 5K1.1 motion and sentenced Todd to forty-six months imprisonment.

## II.

As a threshold matter, Todd acknowledges that his plea agreement contains an appeal waiver, but he argues that the waiver is not enforceable because the district court did not explain that provision to him at the change-of-plea hearing, in violation of Federal Rule of Criminal Procedure 11(b)(1)(N).  We need not consider this issue because the government has not filed a motion to dismiss this appeal or otherwise invoked the waiver.  Instead, the government has asked us to consider this appeal on its merits.  We therefore leave aside the question of whether the appeal waiver is enforceable and turn to the merits of Todd's appeal. See United States v. Valnor, 451 F.3d 744, 745 n.1 (11th Cir. 2006).

## III.

Todd argues that the government breached the plea agreement by seeking the denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He asserts that this claim should be reviewed de novo because he brought it to the attention of the district court.  Todd states that the government breached the "plainly stated language" in the plea agreement, and as a remedy, he seeks the

specific performance of the obligation and a re-sentencing before a different district judge.

In response, the government concedes that it breached the plea agreement. The government acknowledges that its response to Todd's objection to the PSR "was directly contrary to [its] promise." The government also recognizes that its sentencing memorandum "asserted a position contrary to its agreement" with Todd. The government notes that "nowhere does the record show that [it] affirmatively recommended a three-level reduction for acceptance of responsibility."

The government, however, resists Todd's request for a re-sentencing on the ground that he did not present this issue to the district court. The government argues that Todd's claim is therefore subject to plain error review, and that under that standard, there is no reversible error. The government concedes that the breach of the plea agreement was error and that this was plain, but it suggests that the error did not affect Todd's substantial rights. The government also maintains that its decision to breach the plea agreement did not seriously affect the fairness, the integrity, or the public reputation of the proceedings.

The government is correct to point out that, if a defendant fails to object to the government's breach of a plea agreement, then plain error review applies. We

6

have long recognized this principle, see, e.g., United States v. Thayer, 204 F.3d 1352, 1356 (11th Cir. 2000), and the Supreme Court confirmed this rule in Puckett v. United States, 556 U.S. 129, 133–34, 129 S. Ct. 1423, 1428 (2009).  However, we are persuaded that Todd sufficiently raised this issue in the district court such that de novo review applies to his claim.  See United States v. Copeland, 381 F.3d 1101, 1104 (11th Cir. 2004) (holding that a preserved claim regarding the breach of a plea agreement is reviewed de novo).

According to the government, "the record fails to reveal any effort by Todd . . . to raise with the district court the possibility that the Government might be breaching the terms of the plea agreement."  We cannot agree.  As set out above, the record clearly demonstrates that at sentencing, Todd told the court that the government had promised in the plea agreement to recommend a three-level reduction, which would correspond to a guideline range of forty-six months to fifty-seven months imprisonment.  Todd also told the district court that the government had promised to do so after the incidents that the government insisted warranted the denial of a reduction for acceptance of responsibility.

The government attempts to downplay Todd's comments by suggesting that he "raised the plea agreement with the court, but not to argue that the Government had failed to comply with it."  This argument strains credulity.  Indeed, in response

7

to Todd's argument, the government felt compelled to assert to the district court: "We certainly stand by our plea agreement." It is obvious that at that juncture, the government understood that Todd had argued to the district court that it had breached the plea agreement. There was no other reason for the government to try to reassure the district court that it was "stand[ing] by" its promise.[2]

We also observe that, after insisting that it was adhering to the plea agreement, the government went on to justify to the district court its decision not to recommend a three-level reduction for acceptance of responsibility. The government claimed that its promise to make the recommendation was "based on the merits of the case," but that "the situation of how [Todd] conducts himself while he is permitted to be out on bond" was a different issue. The government thus attempted to argue that it was not breaching its promise by seeking the denial of a reduction for acceptance of responsibility. The government now concedes—belatedly—that this was error.

The government relies on Puckett to suggest that Todd did not raise the issue of the breach, but in light of the record here, Puckett is clearly

_____

[2] The government characterizes Todd's comment as one aimed at showing that "even the Government agreed that a lower sentence was appropriate." This is not persuasive. The record clearly demonstrates that all of these remarks were made in response to the district court's specific question about the issue of acceptance of responsibility. The exchange between Todd and the government did not take place in the portion of the sentencing hearing during which the parties addressed what the sentence ultimately should be.

distinguishable.  In that case, the Supreme Court noted that "at no time during [sentencing] did Puckett's counsel object that the Government was violating its obligations under the plea agreement by backing away from its request for the reduction."  Puckett, 556 U.S. at 133, 129 S. Ct. at 1427.  Here, by contrast, Todd told the district court that the government had promised to recommend a three-level reduction.  And in response, the government felt compelled to assert that it was "stand[ing] by" its promise.  The factual scenario in Puckett is entirely different than the one here.

In sum, the government's suggestion that Todd did not argue to the district court that it had breached the plea agreement rings hollow.[3]  The record shows that Todd made that argument and that it was sufficiently clear and compelling that the government felt the need to counter it.  In light of all of this, we conclude that Todd preserved the issue and that de novo review applies.  See Copeland, 381 F.3d at 1104.

As set out above, the government concedes that it breached the plea agreement, and thus, the only question that remains is one of remedy.  See United

---

[3] The government's separate suggestion that Todd did not even preserve an objection to the sentence imposed is also unpersuasive.  After imposing the sentence, the court asked the parties: "are there any objections to the sentence . . . other than those that we've already covered?" (Emphasis added.)  Todd's response that he did not have any does not indicate that he did not object to the sentence imposed.

States v. Johnson, 132 F.3d 628, 631 (11th Cir. 1998).  Our precedent recognizes two types of remedy: 1) specific performance of the plea agreement; and 2) withdrawal of the guilty plea.  Id.  Where specific performance is due, our practice has been to remand the case for re-sentencing before a different district judge.  See id.  Here, "[s]ince [Todd] does not desire to withdraw his guilty plea, and since his request for specific performance is justified by his adherence to his side of the bargain, we will honor his request."  United States v. Rewis, 969 F.2d 985, 989 (11th Cir. 1992).  We therefore vacate his sentence and remand for re-sentencing before a different district judge.[4]

**VACATED AND REMANDED.**

---

[4] In light of this, we express no views on the other issues that Todd has raised on appeal.