[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14522
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20536-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALIXTO NODAL PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2013)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Calixto Perez appeals his 80-month sentence of imprisonment that the district court imposed after he pled guilty to conspiring to import marijuana, in violation of 21 U.S.C. § 963. As part of his plea agreement, the government agreed to recommend a sentence at the low end of the Sentencing Guidelines range that the district court calculated. At the sentencing hearing, the district court calculated a guidelines range of 70 to 87 months' imprisonment. The government thereafter argued that a previous Florida state sentence of 78 months' imprisonment for conspiring to import marijuana failed to deter Perez's criminal conduct, and proffered that a within-guidelines sentence was appropriate. On appeal, Perez argues that the government breached his plea agreement by failing to recommend a sentence at the low end of his guidelines range, and requests that we vacate his sentence and remand to the district court for resentencing before a different judge.

We review *de novo* whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). The government is bound by the material promises that it makes to a defendant in a plea agreement that induce the defendant to plead guilty. *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). Whether the government breached the plea agreement is judged against the defendant's reasonable understanding of the agreement at the time that he entered his plea. *Id.* It is reasonable for a defendant to construe the

2

government's promise to recommend a certain sentence as including a promise not to advocate for a greater sentence, as the advocacy of a position requiring a greater sentence is "flatly inconsistent" with a promise to recommend a lesser sentence. *See id*. Thus, in *Taylor*, we held that the government breached its promise to recommend a 10-year sentence for possessing marijuana with intent to distribute when it affirmatively supported the presentence investigation report's position that Taylor's attempt to import 500 kilograms of cocaine was relevant conduct, which had the effect of raising Taylor's guidelines range to 188 to 235 months' imprisonment. *See id*. at 369-71.

Two remedies exist upon the government's breach of a plea agreement. *Id*. at 371-72. We either may leave the defendant's plea intact and remand to the district court for resentencing before a different judge, or we may permit the defendant to withdraw his plea. *Id*. Even where the defendant expresses a preference for a particular remedy, the choice among remedies lies within our discretion. *See id*. at 372. Nonetheless, we do not favor permitting a defendant to withdraw his plea, and specific performance of the plea agreement is particularly appropriate where no question exists that the defendant knowingly and voluntarily entered his plea. *See United States v. Johnson*, 132 F.3d 628, 631 (11th Cir. 1998).

Here, the government breached the plea agreement by failing to recommend a sentence at the low end of the guidelines range that the district court calculated,

3

and by advocating a position contrary to Perez's reasonable understanding that it would not advocate for a sentence that fell above the low end of his guidelines range.  Accordingly, we vacate Perez's sentence, and remand to the district court for resentencing before a different judge.

**VACATED AND REMANDED.**