[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14179
Non-Argument Calendar
_____

D.C. Docket No. 8:06-cr-00215-JDW-TBM-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDI L. HODO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 28, 2015)

Before MARCUS, WLLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Brandi Hodo appeals her sentence to a two-year term of supervised release, imposed after the revocation of her prior term of supervised release pursuant to 18 U.S.C. § 3583(h).[1]  She argues the district court erred in imposing the two-year term of supervised release because the district court failed to adequately weigh certain mitigating 18 U.S.C. § 3553(a) factors, such as her life history, the facts surrounding her violation, and the Government's request that the district court not impose a new term of supervised release.  After review,[2] we affirm.

The district court did not abuse its discretion by imposing the two-year term of supervised release.  The district court considered, among the other § 3553(a) factors, that Hodo's repeated violations of her previous terms of unsupervised release indicated she needed more supervised release.  *See United States v. Gresham*, 325 F.3d 1262, 1268 (11th Cir. 2003) ("Defendants who violate the conditions of their supervised release are the defendants most in need of more supervised release.")  Although the Government requested the district court not to impose a term of supervised release, the district court was not constrained by the Government's request.  *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998) ("That the sentencing court is not bound by the parties' agreements or recommendations is well settled.").  Hodo has not met her burden of establishing

---

[1]  Hodo does not challenge her sentence of six months' imprisonment.

[2]  We review the substantive unreasonableness of a sentence for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

2

that her sentence to a new term of supervised release was "unreasonable in light of the record and the § 3553(a) factors." *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We accordingly affirm.

**AFFIRMED.**