[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15441
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60090-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN KEITH DUNN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 31, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Brian Keith Dunn appeals his sentence of 150 months' imprisonment, imposed after pleading guilty to violating 18 U.S.C. § 2422(b) by using interstate commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity.  Dunn argues the district court erred because the prison sentence of 150 months is substantively unreasonable.  After review,[1] we affirm.

The district court did not abuse its discretion in imposing the 150-month sentence.  The district court considered the sentencing factors in 18 U.S.C. § 3553(a).  In doing so, the district court observed the seriousness of taking the minor victim to a remote location and pressuring him into engaging in sexual activity.   Although the Government requested the district court to impose a term of 144 months' imprisonment, the district court was not constrained by the Government's request.  *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998) ("That the sentencing court is not bound by the parties' agreements or recommendations is well settled.").  Dunn has not met his burden of establishing his sentence was "unreasonable in light of the record and the § 3553(a) factors." *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We accordingly affirm.

**AFFIRMED.**

---

[1]   We review the substantive unreasonableness of a sentence for abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

2