[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12151
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60184-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK SANTERAMO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 28, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Santeramo appeals his 18-month sentence, imposed after he pled guilty to mail fraud.  Santeramo asserts that the government breached his plea agreement by failing to affirmatively and timely recommend that his federal sentence should run concurrently with his related state sentence.  After careful review, we affirm.

I.

After a federal grand jury indicted Santeramo on two counts of mail fraud, in violation of 18 U.S.C. § 1341, he agreed to plead guilty to one of those counts pursuant to a plea agreement.  In exchange for Santeramo's guilty plea, the government agreed to dismiss the second mail fraud count and, as relevant here, to make jointly with defense counsel a number of recommendations to the district court related to sentencing.  These joint recommendations included that Santeramo's federal sentence run concurrently with a 60-month state sentence based on the same fraudulent course of conduct and a recommendation by the government that Santeramo should receive a sentence at the bottom of his advisory Sentencing Guidelines range (18 to 24 months' imprisonment).  The plea agreement also contained a disclaimer "that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard

2

the recommendation in its entirety." Plea Agreement, Doc. 24 at 5.[1] The agreement also stated that Santeramo understood that he was not permitted to withdraw his plea based on the district court's decision to reject a sentencing recommendation made by either or both parties.

The district court held a change-of-plea hearing at which Santeramo confirmed that he understood the details of the plea agreement. Also at the hearing, the government asked that the district court "let his sentence, whatever sentence this Court imposes, start at the same time [as Santeramo's state sentence] and be served in state [prison]." Change-of-plea Hearing Transcript, Doc. 29 at 22-23. The district court accepted Santeramo's plea.

At the sentencing hearing, Santeramo requested that the district court impose a sentence at the low end of his advisory guidelines range to run concurrently with his state sentence. The government restated its recommendation that Santeramo receive an 18-month sentence, the bottom of his guidelines range. The district court imposed an 18-month sentence to run consecutively to Santeramo's state sentence. Santeramo thereafter objected to the sentences running consecutively, and the government represented to the court that, pursuant to the plea agreement, it agreed that Santeramo should serve his federal sentence concurrently with his state sentence. The district court responded that it had "always consider[ed] that to be

---

[1] "Doc." refers to the numbered entry on the district court's docket in this case.

the government's position," but emphasized that the government's position was not binding on the court. Sentencing Transcript, Doc. 45 at 17. The district court declined to revisit the sentence it had announced.

This is Santeramo's appeal.

## II.

We generally review *de novo* whether the government has breached a plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). If, however, the defendant failed to object to the alleged breach below, then our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 136–43 (2009). Under plain error review, the defendant must show (1) an error, (2) that is plain, (3) that affected the defendant's substantial rights. *Id.* at 135. If those three prongs are met, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The parties dispute whether Santeramo raised a proper objection in the district court. Although he objected to his sentences running consecutively, he did not assert that the government had breached the plea agreement. We need not resolve the parties' dispute because, as we discuss below, Santeramo's argument fails even under a *de novo* standard of review.

4

III.

A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. *Santobello v. New York*, 404 U.S. 257, 262 (1971). In determining whether the government breached the plea agreement, we must "determine the scope of the government's promises." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). We analyze the plea agreement according to the defendant's reasonable understanding upon entering the plea. *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). Whether the district court considered or was influenced by the government's breach is irrelevant. *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998). If the government breaches a plea agreement, we may either require specific performance of the plea agreement or permit the defendant to withdraw his plea. *Id.* at 631.

Santeramo's assertion that the government breached the plea agreement is belied by the record. By agreeing with defense counsel during the sentencing hearing that Santeramo's federal sentence should run concurrently with his state sentence, the government fulfilled its obligation. *See Santobello*, 404 U.S. at 262; *Copeland*, 381 F.3d at 1105. Even though the government failed to recommend a concurrent sentence before the district court pronounced the sentence, it previously had made the recommendation at the change-of-plea hearing. And the district

5

court confirmed at sentencing that it had "always consider[ed]" the government's recommendation to be that Santeramo's federal and state sentences run concurrently but that the court was not bound by the recommendation. Moreover, when the government recommended a concurrent sentence after defense counsel's objection at the sentencing hearing, the district court could still entertain the recommendation and revisit the sentence it had announced. *See Puckett*, 556 U.S. at 140. The court simply chose not to. Thus, no breach occurred.

Accordingly, we affirm the district court's imposition of Santeramo's 18 month federal sentence to run consecutively with his state sentence.

**AFFIRMED.**