[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14496
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00092-TCB-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLU VICTOR ALONGE,
a.k.a. Serge Damessi,
a.k.a. Didier Baraze,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 23, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Olu Alonge pled guilty to wire fraud in violation of 18 U.S.C. § 1343 and was sentenced to 120 months' imprisonment. He appeals his sentence, arguing that it was both procedurally and substantively unreasonable. Having reviewed the briefs and the record, we affirm the district court.

## BACKGROUND

In Alonge's presentence report (PSR), Probation calculated a criminal history category of I, a total offense level of 29, and a guideline range of 87 to 108 months. At sentencing, the district court adopted the findings of fact and the conclusions of law contained in the PSR.

The government asked that Alonge be given a three-level reduction for acceptance of responsibility, but the district court declined to do so because when authorities tried to arrest him, Alonge "fled out of the window." Instead, the district court applied a two-level reduction for acceptance of responsibility. Such a reduction should have brought Alonge's total offense level to 27. However, when discussing his final offense level, the district court stated that Alonge's revised offense level was 26 and that his resulting guideline range was between 63- and 78-months' imprisonment.

2

Though the parties recommended significantly shorter sentences, the district court sentenced Alonge to 120 months' imprisonment.  It found this sentence appropriate given that "[t]he crime described . . . in the PSR [was] one of sheer unadulterated evil."  Noting that it had considered the 18 U.S.C. § 3553(a) sentencing factors, the district court explained that a within-guideline sentence would be "woefully inadequate," because Alonge's sentence needed "to reflect the seriousness of the offense, [needed] to promote respect for the law, and [needed] to provide just punishment for the offense."  Addressing the nature and circumstances of the offense, the district court found that "the defendant ruined, literally destroyed lives."  Furthermore, the district court believed that a 120-month sentence would deter criminal conduct more effectively than a guideline sentence.  Finally, the district court explained that the sentence imposed was the result of "sedate reflection," considering all of the facts, arguments, and evidence.

## DISCUSSION

### I.

First, Alonge argues that the district court procedurally erred when it refused to apply the additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).  He claims that his entitlement to that reduction should be based solely on whether he notified the government of his intention to plead guilty in a timely manner.

3

We review both the district court's interpretation of the Sentencing Guidelines and its application of the Guidelines to the facts de novo. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020). And we review the reasonableness of a sentencing decision for abuse of discretion. *See United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).

When reviewing a sentencing court's decision, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020) (per curiam).

A defendant's offense level is decreased by two levels if he clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1(a). If a defendant meets the requirements in § 3E1.1(a), his offense level may be reduced by one additional level "upon motion of the government stating that the defendant has assisted authorities . . . by timely notifying authorities of his intention to enter a plea of guilty." § 3E1.1(b). A 2003 amendment to the Guidelines requires that the government move for the reduction because it is in the best position to say whether

4

it was notified of a defendant's intention to plead guilty in a timely manner.

U.S.S.G. § 3E1.1 comment., (n.6); *see also* U.S.S.G. App. C, amend. 649

(effective April 30, 2003).

Prior to the 2003 amendment, we required that, when a defendant is awarded

a two-level reduction for acceptance of responsibility, the decision to grant the

additional one-level reduction should be based on whether the defendant timely

notified the government of his intention to plead guilty. *See United States v.*

*Johnson*, 132 F.3d 628, 631 (11th Cir. 1998) (per curiam). Since the 2003

amendment, we have not determined whether it is proper for a district court to

deny the government's request for a § 3E1.1(b) reduction without making a factual

finding as to the timeliness of a defendant's acceptance of responsibility.

Here, even if the district court erred when it refused to apply the additional

one-level U.S.S.G. § 3E1.1(b), that error was harmless. "[R]emand is required

only if the sentence was imposed *as a result of* an incorrect application of the

Guidelines." *Williams v. United States*, 503 U.S. 193, 202–203 (1992) (internal

quotation marks omitted). "A Sentencing Guidelines miscalculation is harmless if

the district court would have imposed the same sentence without the error. *United*

*States v. Barner*, 572 F.3d 1239, 1247–48 (11th Cir. 2009). If Alonge was entitled

to the additional one-level reduction, the properly calculated total offense level

would have been 26. This was the same total offense level calculated by the

district court, albeit accidentally, and announced at the sentencing hearing. Thus, this purported procedural error is not adequate grounds for reversal because it did not impact the outcome of the proceeding.

## II.

Next, Alonge claims that the sentence was substantively unreasonable because the district court "essentially doubled the [g]uideline range, . . . based on the court's wrath and undue focus on the cries of the victims." A "district court's choice of sentence is not unfettered," *Irey*, 612 F.3d at 1191, and we review the substantive reasonableness of a sentence for an abuse of discretion, *Gomez*, 955 F.3d at 1255. But we "will not second guess the weight (or lack thereof) that the judge accorded to a given factor . . . under § 3553(a), as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alteration accepted) (emphasis omitted).

Here, the sentence imposed by the district court was substantively reasonable because the court decided that an above-guidelines sentence was necessary to reflect the seriousness of the offense, to promote respect for the law, to provide a just punishment, and to adequately deter future criminal conduct. Even if the district court placed more weight on some of the § 3553(a) than others, doing so was not an abuse of discretion. *See id.* The weight assigned to each

factor is committed to the district court's discretion, and we review that discretion with deference. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). We refuse to second guess the district court's sentencing decision absent a "definite and firm conviction that the district court committed a clear error of judgement." *Irey*, 612 F.3d at 1190. We have no such conviction here.

Accordingly, the district court's imposition of a 120-month sentence is

**AFFIRMED.**