[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10761

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENYATTA ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00081-WFJ-JSS-1

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Kenyatta Anderson appeals his sentence of 60 months' incarceration as substantively unreasonable. For the reasons below, we **AFFIRM** his sentence.

## I.

A grand jury in the Middle District of Florida charged Kenyatta Anderson with one count of conspiring to possess cocaine and marijuana with intent to distribute, in violation of 21 U.S.C. § 846. Testifying in his own defense, Anderson admitted to engaging in other illegal conduct while trafficking marijuana; however, he denied trafficking cocaine. A jury subsequently convicted Anderson but found the conspiracy only involved marijuana.

The probation office drafted a Presentence Investigation Report for the sentencing hearing. The probation officer attributed to Anderson one kilogram of cocaine and 200 pounds of marijuana, which resulted in a total offense level of 24. Additionally, a prior conviction for armed cocaine trafficking, possession of marijuana, and carrying a concealed firearm produced a criminal history category of II.

Prior to sentencing, the district court circulated a memorandum outlining concerns that might warrant an upward variance. The court cited illegal activities that Anderson admitted were a part of his conspiracy. These included (among others) defrauding his

codefendant, mailing narcotics, and laundering money. The district court also highlighted Anderson's general reliance on criminal conduct for his livelihood. The court asked the parties to address these points during the sentencing hearing.

At the hearing, the district court reduced Anderson's offense level to 20, noting that he accepted responsibility, and the conspiracy did not involve cocaine. This produced a guideline range of 37–46 months. The district court also stated it would not adopt anything from its memorandum in the sentencing.

Yet, the district court imposed the statutory maximum of 60 months' incarceration, varying upwards from the guidelines by 14 months. Explaining its reasoning, the district court opined that Anderson's criminal history and character weighed in favor of an upward variance given his 1) extensive background in trafficking large volumes of marijuana and 2) failure to reform after his first drug trafficking conviction. Largely for the same reasons, the district court found the need to promote respect for the law, deter illegal conduct, and protect the public from crimes all weighed in favor of the variance

Anderson appeals his sentence as substantively unreasonable. In support, he points out that the government only requested a sentence of 46 months' imprisonment. Further, Anderson argues that he should not have been faulted so heavily for activities underlying his conspiracy, since much of that activity is inherent in any drug trafficking offense. In his view, considering these activities would make nearly every drug trafficking conviction eligible for an

upward variance. Finally, citing *Rita v. United States*, 551 U.S. 338 (2007), Anderson argues that "a reasonable sentence begins somewhere within the applicable range," and here, a "guideline sentence somewhere between 37 and 46 months would satisfy the 'needs of justice.'"

## II.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Sentences outside the guideline range are not presumptively unreasonable. *Gall*, 552 U.S. at 51. District courts must consider multiple factors to create "individualized assessment[s] based on the facts presented." *Id.* at 50. Indeed, a defendant's history and characteristics; the need to promote respect for the law, provide deterrence, and protect the public; and other illicit conduct germane to the 18 U.S.C. § 3553(a) factors can all weigh into decisions to make upward variations. *See United States v. Overstreet*, 713 F.3d 627, 637–38 (11th Cir. 2013); 18 U.S.C. § 3553(a)(1)–(2). That the prosecuting office or this court believes a different sentence would be more appropriate is of no consequence. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012); *Irey*, 612 F.3d

at 1189. Provided the district court gives an adequate justification for an out-of-guidelines sentence, *Gall*, 552 U.S. at 50, we will not set the decision aside unless it "truly is unreasonable." *Irey*, 612 F.3d at 1191.

## III.

The district court did not abuse its discretion. Rather, it properly rooted its sentencing justifications in the relevant § 3553(a)(1)–(2) factors. The district court described its concerns regarding Anderson, including his history of trafficking large volumes of marijuana, his decision to immediately reenter the illegal drug trade after his first three-year sentence, and his heavy dependence on criminal activity for his livelihood. The district court went on to explain how applying these facts to the § 3553(a)(1)–(2) factors justified a 14-month upward variance. Reviewing this analysis, and recognizing the deference we are required to give the district court, we do not find the sentence "truly is unreasonable." *Irey*, 612 F.3d at 1191.

That the district court did not accept the United States' request for 46 months' incarceration has no bearing on our conclusion. While the United States argued for a 46-month sentence, this did not cap the permissible extent of the district court's discretion. *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998).

Nor does the district court's references to Anderson's conduct during the conspiracy alter our decision. To start, district courts are not barred from considering conduct relevant to the

§ 3553(a) factors when determining whether a variance is warranted. *See Overstreet*, 713 F.3d at 637–38. Even so, the district court clearly stated that it did not adopt the reasoning from its circulated memorandum as grounds for Anderson's sentence. We see no reason—and Anderson does not provide any—why we should not take the district court at its word. And to the extent the district court mentioned other activities that were part of Anderson's conspiracy, the record does not demonstrate that the court placed improper weight on them. *Irey*, 612 F.3d at 1189.

## IV.

The success of Anderson's appeal does not hinge on this court disagreeing with the sentence imposed. Rather, his appeal hinges on a determination that the district court abused its discretion. Concluding it did not, we find Anderson's sentence is not substantively unreasonable. We therefore **AFFIRM** his sentence.

**AFFIRMED.**